IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAMERON GRAUBART,<br>an individual,<br><br>　　　Plaintiff,<br><br>v.<br><br>GREATER TULSA VETERINARY<br>SERVICES d/b/a SOUTHERN HILLS<br>VETERINARY HOSPITAL, INC., | )<br>)<br>)<br>)<br>)<br>)<br>) No. 06-CIV-347-JHP-PJC<br>)<br>)<br>)<br>) |

## **ORDER**

Now before the Court is Defendant's Motion for Summary Judgment(Dkt.# 27), Plaintiff's Response to said motion, and Defendant's Reply. Originally, Defendant filed a Motion to Dismiss (Dkt.# 10), which was converted to a motion for summary judgment pursuant to Fed.R.Civ.P. 12(c). Plaintiff asserts a violation of his rights pursuant to the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, et seq. and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, et seq. Specifically, Plaintiff claims that his rights under the FMLA were interfered with, he was subjected to retaliation, and that despite his request for reasonable accommodation pursuant to the ADA, he was denied the same.

In general, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

1

Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. Id. at 249.

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co., 858 F.2d 610, 613 (10th Cir. 1988).* Furthermore, if on any part of the prima facie case there is insufficient evidence to require submission of the case to the jury, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).* In addition, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex* Corp. v. Catrett, 477 U.S. 317,323-24 (1986).

### BACKGROUND

The material facts of this case are undisputed. Southern Hills Veterinary Hospital, Inc., is an Oklahoma corporation established in 1991 and has been one hundred per cent owned by Rodney Robards since its incorporation.  Cameron Graubart was an employee of Southern Hills Veterinary Hospital, Inc., from August 2003 to April 1, 2005.

At no time before, during, or since Graubart's employment has Southern Hills Veterinary Hospital, Inc. employed 15 or

more employees. Southern Hills Veterinary Hospital, Inc. currently has 11 employees and during Graubart's employment Southern Hills Veterinary Hospital, Inc. employed between 7 and 11 employees. These numbers include Dr. Robards and Dr. Johnson.

Graubart has never been employed by an entity called "Greater Tulsa Veterinary Services." Greater Tulsa Veterinary Services is not and has never been a d/b/a for Southern Hills Veterinary Hospital, Inc.

Graubart received his pay from Southern Hills Veterinary Hospital, Inc. at all times. Southern Hills Veterinary Hospital, Inc. has its own employees who do not work at any other clinics or hospitals. In that respect, Graubart only worked at Southern Hills Veterinary Hospital, Inc. clinic.

Southern Hills Veterinary Hospital, Inc. has always had its own employee handbook and is registered with the Oklahoma Employment Security Commission as an employer. Further, Southern Hills Veterinary Hospital, Inc. has a sales tax permit with the Oklahoma Tax Commission.

Laura Johnson and Rodney Robards are the veterinarians at Southern Hills Veterinary Hospital, Inc. They do not work at any other clinics or hospitals. Additionally, Rodney Robards manages Southern Hills Veterinary Hospital, Inc. None of the employees of Southern Hills Veterinary Hospital, Inc. work at any other clinic or hospital.

While Rodney Robards at one time owned fifty per cent of GT Veterinary Services Associates, LLC, he does not now and never was involved in any of the day-to-day operations of that company, or the clinics owned by that company. GT Veterinary Associates, LLC never exercised any control over employees of

Southern Hills Veterinary Hospital, Inc.

Southern Hills Veterinary Hospital, Inc. maintains its own physical location, customers, payroll, accountants, bank accounts, liability insurance, website and management.

In order for an employer to be liable under the ADA it must have "15 or more employees for each working day in each of 20 or more calender weeks in the current or preceding calender year."  42 U.S.C. §12111(5)(A).

A significant purpose of the fifteen employee minimum in the Title VII context is to spare small companies the considerable expense of complying with the statute's many nuanced requirements. *See* <u>Papa v. Katy Indus., Inc.</u>, 166 F.3d 937, 940 (7th Cir. 1999).  In the instant case, Plaintiff has admitted that he was an employee of Southern Hills Veterinary Hospital, Inc., he worked with six other employees, he worked only at the Southern Hills Veterinary Hospital, Inc. location, he received pay from Southern Hills Veterinary Hospital, Inc., Southern Hills Veterinary Hospital, Inc. had its own handbook, and Southern Hill Veterinary Hospital, Inc. is registered with the State Employment Security Commission as an employer. Combined with the failure to properly controvert the factual matters asserted[1], the Court finds this is the type of employer the fifteen-employee minimum was designed to protect, and Plaintiff has not proven the existence of an integrated enterprise.

---

[1] Plaintiff argues that "ample discovery" may "afford" him the opportunity to prove the essential elements of his claim.  However, the Tenth Circuit Court of Appeals has rejected such an argument. *See* <u>Hackworth v. Progressive Casulty Insurance Company</u>, 468 F.3d 722 (10th Cir. 2006)(granting summary judgment to the defendant on numerosity grounds and rejecting plaintiff's request to conduct more discovery).   Further, Plaintiff has not invoked Fed.R.Civ.P. 56(f)'s protections. <u>Id</u>.

Accordingly, Defendant's Motion for Summary Judgment is granted.

**IT IS SO ORDERED this 22nd day of June, 2007.**

James H. Payne
United States District Judge
Northern District of Oklahoma